IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41004
Summary Calendar
_____


LINETTE GLADIS ABREGO; LUIS GERARDO ABREGO,
In his own right and name and as next friend
to is minor daughter, Linette,

                                        Petitioners-Appellants,

versus

E.M. TROMINSKI, District Director, Immigration
and Naturalization Service; JANET RENO,
U.S. Attorney General; UNITED STATES OF AMERICA,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CV-1
--------------------
June 13, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Luis Abrego and his daughter, Linette, appeal the district court's dismissal of their 28 U.S.C. § 2241 petition, which challenged the denial of Luis Abrego's request to be paroled into the United States pending a resolution of his appeal of his removal order. The Abregos argue that Luis Abrego was entitled to a hearing on his request to be paroled into the country and

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the denial of his parole request constituted a due process violation.

Without regard to whether the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) applies and prohibits habeas review of the Abregos' claims or whether the Abregos were in custody for purposes of having standing to file habeas petition, we note that the decision not to parole Luis Abrego into the country was within the Attorney General's discretion. See 8 U.S.C. § 1182(d)(5). Because it was a discretionary decision, and given that Luis Abrego had already been deported when he filed his parole request, the Abregos did not have a procedural due process right to a hearing or a liberty interest in Luis Abrego being paroled. See Gisbert v. U.S. Atty. Gen., 988 F.2d 1437, 1442-43 (5th Cir. 1993). The district court's dismissal of the Abregos' habeas petition is AFFIRMED.